1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

11

12   JERRY A. BURTON,                )    No. CV 08-5834-GHK(CW)[1]
                                      )
13                  Plaintiff,        )    MEMORANDUM AND ORDER DISMISSING
                                      )    SECOND AMENDED COMPLAINT
14           v.                       )    WITH LEAVE TO AMEND
                                      )
15   DUNCAN FALLON, et al.,           )
                                      )
16                  Defendants.       )
                                      )
17   _____)

18        For reasons stated below, Plaintiff's Second Amended Complaint is

19   dismissed with leave to amend.

20                   BACKGROUND AND PROCEDURAL HISTORY

21        The pro se plaintiff is a prisoner in state custody seeking to

22   proceed in forma pauperis on a civil rights action naming governmental

23

24        _____

25        [1]  Plaintiff has another action pending in this court, Burton v.
     Yarborough, No. CV 04-7209-GW(CW).  He first attempted to raise his
26   present claims in a second amended complaint filed in that action on
     June 3, 2008.  [CV 04-7209, docket no. 44.]  The court dismissed with
27   leave to amend in a memorandum and order filed June 30, 2008, advising
     Plaintiff that the claims in question should be brought in a separate
28   proceeding.  [CV 04-7209, docket no. 42.]  Plaintiff has done so in
     the present case.  This memorandum and order concerns only this case.

                                      1

1  defendants and addressing prison conditions.  His initial Complaint

2  (docket no. 4) was received September 4, 2008, lodged September 5,

3  2008, and filed October 15, 2008, pursuant to the court's Order re

4  Leave to File Action Without Prepayment of Full Filing Fee (docket no.

5  3).[2]  The court dismissed the Complaint with leave to amend in a

6  memorandum and order filed August 19, 2009.  [Docket no. 7.]

7  Plaintiff's First Amended Complaint was filed September 11, 2009

8  (docket no. 8), and was superceded by his Second Amended Complaint

9  ("SAC") filed October 12, 2010 (docket no. 11).[3]

10                        **STANDARD OF REVIEW**

11      Because plaintiff is a prisoner, seeking to proceed in forma

12  pauperis, on a civil rights complaint naming governmental defendants

13  and addressing prison conditions, his complaint is subject to review

14  under provisions of the Prison Litigation Reform Act of 1995 ("PLRA"),

15  Pub. L. No. 104-134, 110 Stat. 1321 (1996).  See 28 U.S.C. § 1915A(a).

16  The court shall dismiss such a complaint, at any time, if it is

17  frivolous or malicious, fails to state a claim on which relief may be

18  granted, or seeks monetary relief from an immune defendant.  See Lopez

19  v. Smith, 203 F.3d 1122, 1126-27 and n.7 (9th Cir. 2000)(en banc); 28

20  U.S.C. § 1915(e)(2)(B)(in forma pauperis complaints); 28 U.S.C.

21  § 1915A(b)(prisoner complaints against government defendants); 42

22

23      [2]   The Complaint named seventeen individual capacity defendants:
    Haws, Henderson, Reaume, Cagalawan, Harris, Clemons, Cruz, Parker,
24  McGuinness, Fortson, Cromwell, Fallon, Wofford, Gonzalez, Teaney,
    Nipper, and Foote.

25
26      [3]   The First Amended Complaint named eight individual capacity
    defendants: Fallon, Fortson, Henderson, Harris, Foote, Reaume, Luu,
    and Clemons.  The SAC named these eight and a ninth, Defendant Fisher.
27  [SAC caption.]  Plaintiff has thus effectively dismissed Defendants
    Haws, Cagalawan, Cruz, Parker, McGuinness, Cromwell, Wofford,
28  Gonzalez, Teaney, and Nipper.

                                    2

1  U.S.C. § 1997e(c)(complaints re: prison conditions).

2      PLRA review for failure to state a claim applies the same

3  standard applied in reviewing a motion to dismiss for failure to state

4  a claim under Fed. R. Civ. P. 12(b)(6).  See Barren v. Harrington, 152

5  F.3d 1193, 1194 (9th Cir. 1998).  A Rule 12(b)(6) motion to dismiss

6  for failure to state a claim tests the legal sufficiency of a claim

7  for relief.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "In

8  deciding such a motion, all material allegations of the complaint are

9  accepted as true, as well as all reasonable inferences to be drawn

10  from them."  Id.  "A Rule 12(b)(6) dismissal may be based on either a

11  'lack of a cognizable legal theory' or 'the absence of sufficient

12  facts alleged under a cognizable legal theory.'"  Johnson v. Riverside

13  Healthcare System, 534 F.3d 1116, 1121 (9th Cir. 2008)(quoting

14  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

15  1990)).  A complaint may also be dismissed for failure to state a

16  claim if it discloses a fact or defense that necessarily defeats the

17  claim.  Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984)

18  (citing 2A Moore's Federal Practice ¶ 12.08).

19      Possible failure to state a claim is reviewed under the pleading

20  standard of Fed. R. Civ. P. 8(a)(2), which requires a "short and plain

21  statement of the claim showing that the pleader is entitled to

22  relief."  Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S. Ct. 1937,

23  173 L. Ed. 2d 868 (2009)("Iqbal").  The Rule 8 pleading standard "does

24  not require detailed factual allegations," but does require more than

25  merely "labels and conclusions or a formulaic recitation of the

26  elements of a cause of action."  Iqbal, 556 U.S. at 678 (citations and

27  internal quotation marks omitted).  Instead, "a complaint must contain

28  sufficient factual matter, accepted as true, to state a claim to

3

1   relief that is plausible on its face." Id. (citations and internal
2   quotation marks omitted). "A claim has facial plausibility when the
3   plaintiff pleads factual content that allows the court to draw the
4   reasonable inference that the defendant is liable for the misconduct
5   alleged." Id. This plausibility standard is not a probability
6   requirement, but does ask for more than mere possibility. Id.

7       In Iqbal, the Supreme Court applied a two-pronged approach to
8   reviewing possible failure to state a claim. Id. at 678-81. First,
9   the reviewing court may identify statements in a complaint that are
10  actually conclusions, rather than factual allegations, and, as such,
11  are not entitled to a presumption of truth. Id. at 678-79. It is the
12  statements' conclusory nature, rather than any fanciful or nonsensical
13  nature, "that disentitles them to the presumption of truth." Id. at
14  681. Second, the court presumes the truth of any remaining "well-
15  pleaded factual allegations," and determines whether these allegations
16  and reasonable inferences from them plausibly support a claim for
17  relief. Id. at 679-80. The Ninth Circuit has found two common
18  principles in Supreme Court law on the Rule 8 pleading standard:

19      First, to be entitled to the presumption of truth,
20      allegations in a complaint . . . may not simply recite the
21      elements of a cause of action, but must contain sufficient
22      allegations of underlying facts to give fair notice and to
23      enable the opposing party to defend itself effectively.
24      Second, the factual allegations that are taken as true must
25      plausibly suggest an entitlement to relief, such that it is
26      not unfair to require the opposing party to be subjected to
27      the expense of discovery and continued litigation.

28  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 80

4

1  U.S.L.W. 3462 (U.S. Apr. 30, 2012)(No. 11-834); see also Hydrick v.

2  Hunter, 669 F.3d 937, 940-41 (9th Cir. 2012)(on Iqbal and Starr).

3      If the court finds that a complaint should be dismissed for

4  failure to state a claim, the court may dismiss with or without leave

5  to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000)(en

6  banc).  Leave to amend should be granted if it appears that defects

7  can be corrected, especially if the plaintiff is pro se.  Id. at 1130-

8  31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.

9  1995).  If, however, after careful consideration, it is clear that a

10 complaint cannot be cured by amendment, the court may dismiss without

11 leave to amend.  Cato, 70 F.3d at 1107-11.

12                    **THE SECOND AMENDED COMPLAINT**

13      Although Plaintiff is now at Pelican Bay State Prison, the SAC

14 concerns events that allegedly occurred when he was at California

15 State Prison, Los Angeles County ("CSP-LAC"), in this district.  As

16 noted above, the SAC names nine state prison officers as individual

17 capacity defendants: (1) Chief Deputy Warden Fallon, (2) Captain

18 Fortson, (3) Captain Henderson, (4) Lieutenant Harris, (5) Lieutenant

19 Foote, (6) Sergeant Reaume, (7) Officer Luu, (8) Officer Clemons, and

20 (9) Chairperson Fischer.  [Caption, SAC p.1.][4]  Plaintiff seeks

21 declaratory and injunctive relief and monetary damages.  [SAC pp. 26-

22 27.]  He sets forth twelve "causes of action" ("COAs") as follows:

23 COA 1:    First Amendment - Access to Courts;

24 COA 2:    First Amendment - Right to Association;

25 COA 3:    First Amendment - Right to Association and Speech;

26 COA 4:    First Amendment - Retaliation;

27 _____

28     [4]  Plaintiff lists all nine in the caption but omits Defendant
   Foote in listing defendants in the body of the SAC.  [SAC ¶¶ 3-10.]

1  COA 5:     Eighth Amendment - Cruel and Unusual Punishment;

2  COA 6:     Conspiracy;

3  COA 7:     Fourteenth Amendment - State Created Liberty Interest;

4  COA 8:     Federal Due Process;

5  COA 9:     State Due Process;

6  COA 10:    Violation of Mandatory Duties - State Law;

7  COA 11:    Failure to Lawfully Administer, Train, and Supervise;

8  COA 12:    Due process.

9  [SAC pp. 19-25.]  COAs 9 and 10 assert state law claims; the other

10 COAs assert federal civil rights claims under 42 U.S.C. § 1983 (and,

11 for COA 6, 42 U.S.C. § 1985).

12     Plaintiff summarizes the basis for his complaint as follows:

13         This action arises from the defendants' practices, acts

14     and/or policies which have caused Plaintiff to be wrongly

15     placed and retained in the SHU [Security Housing Unit] on

16     the basis of alleged prison gang association/member[ship].

17     Defendants have wrongly placed and retained Plaintiff in the

18     SHU:

19         a) without due process of law;

20         b) when Plaintiff is not a prison gang

21     associate/member;

22         c) on [the] basis of Plaintiff's innocent association

23     with other inmates;

24         d) in retaliation for Plaintiff's legitimate speech,

25     association and past SHU term disciplinaries [sic] he's

26     completed successfully;

27         e) Plaintiff was not given notice and an opportunity to

28     present his views before being placed in segregation;

f) in spite of the fact that Plaintiff's speech and
association with other inmates did not violate any law or
prison rule;

g) when Plaintiff has not been charged [with] or found
guilty of violating Title 15, California Code of Regulations
(CCR) section 3023 (the prison regulation prohibiting gang
activity) or any other regulation;

h) on the basis of invalid/void, false and expired/
unreliable information;

i) for an extended period of time in conditions that
adversely impact Plaintiff's physical and psychological
well-being;

j) pursuant to Defendants' customs, official policies
and underground regulations.

[SAC pp. 3-4.]

This is followed by a lengthy section captioned "Facts," in
which, however, Plaintiff fails to give a clear and concise factual
account of what he alleges actually happened in connection with his
various claims.  Instead, he jumps around chronologically, and mixes
actual factual allegations, unsupported inferences, and legal
conclusions.  [SAC pp. 4-18.]  The "Facts" section is also missing two
pages in the SAC as submitted to the court: page 5 (part of ¶ 18 and
all of ¶¶ 19-26) and page 16 (part of ¶ 53 and all of ¶¶ 54-59).

### DISMISSAL UNDER RULE 8

The SAC does not provide the "short and plain statement of the
claim showing that the pleader is entitled to relief" required under
Rule 8 and the PLRA.  Instead, much of the SAC consists of "labels and
conclusions" or "formulaic recitation" in the form of Plaintiff's

1    causes of action.   Iqbal, 556 U.S. at 678.   Several of these "causes

2    of action" do not state separate legal claims (for violations of

3    federal or state law), but, instead, assert theories for why certain

4    defendants are liable under the claims asserted under other causes of

5    action.   [See, e.g., COAs 6 (conspiracy) and 11 (failure to

6    supervise).]   Some causes of action appear to be duplications.   Thus,

7    e.g., Plaintiff claims that Defendants denied him due process of law

8    under the Fourteenth Amendment when they caused him to be assigned to

9    the SHU indefinitely as a gang member after an investigation that was

10   procedurally flawed and came to an erroneous conclusion.   It is not

11   clear why Plaintiff appears to have spread this federal due process

12   claim across three COAs: 7, 8, and 12.   It is also not clear whether

13   Plaintiff's Eighth Amendment claim in COA 5 basically duplicates his

14   Fourteenth Amendment claim (by asserting that indefinite placement in

15   the SHU after he was erroneously found to be a gang member is cruel

16   and unusual punishment), or whether Plaintiff is asserting a separate

17   Eighth Amendment claim (that indefinite placement in the SHU for being

18   a gang member is cruel and unusual punishment even if the prisoner

19   actually is a gang member).   It is also not clear whether COAs 2 and 3

20   present separate First Amendment claims, or are simply part of COA 4

21   (that is, as a claim that Defendants violated Plaintiff's First

22   Amendment rights by retaliating against him for exercising his rights

23   to freedom of speech and association).

24        Plaintiff also has not clearly articulated his claims under the

25   state constitution and state law in COAs 9 and 10, and he has not

26   stated that he satisfied the requirements of the California Tort

27

28

8

Claims Act, Cal. Gov't Code sections 810 et seq.[5] A plaintiff who seeks to sue a public employee under California law must file a timely written claim with the proper officer or governmental body before bringing suit, and must plead that he or she has done so in his or her complaint. Cal. Gov't Code §§ 905 et seq. Pendant state law claims in a federal civil rights suit may be dismissed if the complaint fails to allege compliance with California Tort Claims Act procedures. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); see also, e.g., White v. City of Bakersfield, No. 1:11-CV-1692, 2012 WL 273088, at *4 (E.D. Cal. Jan. 30 2012)(citing Karim-Panahi, id.)); Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

Furthermore, in the SAC, Plaintiff has not set forth factual allegations in such a way as to (1) allow the court to understand with reasonable clarity what allegedly happened; (2) support the elements of Plaintiff's specific legal claims; and (3) show how specific defendants may be liable under specific legal claims. One particular problem in Plaintiff's statement of facts is that he has not clearly distinguished the events surrounding (a) his brief initial placement in administrative segregation during the investigation of his possible gang association, and (b) his indefinite placement in segregated housing as a result of that investigation.[6] This is important because

---

[5] The requirements of the California Tort Claims Act do not apply to Plaintiff's claims under federal law, and they are separate from the requirement, under federal law, that a prisoner exhaust administrative remedies before filing suit.

[6] As to the denial of Plaintiff's administrative appeals, it is not clear whether he is simply arguing that the denials were in error, or that the denials were, themselves, further due process violations.

1   the Supreme Court has held that a brief period of administrative

2   segregation (e.g., thirty days) does not implicate a liberty interest

3   so as to support a due process claim.  Sandin v. Conner, 515 U.S. 472,

4   484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); see also Richardson v.

5   Runnels, 594 F.3d 666, 672 (9th Cir. 2010)(post-Sandin case finding

6   that administrative segregation for some fifteen days did not concern

7   a due process liberty interest).

8        Under Sandin, whether a due process liberty interest exists

9   depends on whether the change in the prisoner's confinement imposed an

10  atypical and significant hardship in relation to the ordinary

11  incidents of prison life.  Sandin, 515 U.S. at 484.  Here, Plaintiff

12  may be able to assert a state-created liberty interest and a due

13  process claim based on his indefinite placement in segregated housing

14  (after having been found to be a gang member) if he can show that such

15  indefinite placement does constitute such an atypical and significant

16  hardship.[7]  See, e.g., Wilkinson v. Austin, 545 U.S. 209, 223-24, 228,

17  125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005)(post-Sandin Supreme Court

18  case on liberty interest in not being assigned to "super-max"

19  facility); Jackson v. Carey, 353 F.3d 750, 755-57 (9th Cir. 2003)

20  (remanding for factual consideration as to whether plaintiff could

21  show whether conditions in his disciplinary segregation amounted to

22  atypical and significant hardship under Sandin).

23       Finally, Plaintiff's claims for injunctive relief appear to be

24

25       [7]  Plaintiff does not have a liberty interest directly under the
    due process clause in remaining in general population.  See Wolff v.
26  McDonnell, 418 U.S. 539, 557, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).
    Therefore, any due process claim challenging his placement in the SHU
27  must depend on a liberty interest created by state law.  The Supreme
    Court redefined the criteria for finding such state-created liberty
28  interests in Sandin.

                                    10

moot in light of his transfer to another prison.  See <u>Johnson v.</u>
<u>Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991)(per curiam)(prisoner's claims
for injunctive relief regarding prison conditions moot in light of
transfer); <u>Smith v. Marshall</u>, No. CV 07-0864-JHN (PJW), 2011 WL
2563289, at *5 (C.D. Cal. May 10, 2011)(<u>citing</u> <u>Johnson v. Moore</u>).
Because of Plaintiff's transfer to another institution, none of the
named defendants would have the power to effect the injunctive relief
Plaintiff seeks, and none of the officials in his present institution
who might have that power are defendants in this action.

**LEAVE TO AMEND**

Accordingly, the SAC is subject to dismissal, but Plaintiff may
be able successfully to amend as to at least some of his claims and
Defendants.  Plaintiff's claims are all related to the process by
which he was placed in administrative segregation while he was
investigated as a gang member, then found to be a gang member and
placed indefinitely in segregated housing.  He may be able to amend to
state several claims under 42 U.S.C. § 1983 for violations of his
federal constitutional rights.[8]  For example, (1) he may be able to
state a Fourteenth Amendment due process claim if he can plead that
indefinite segregation involves a state-created liberty interest, and
that he was denied this interest without receiving all the process
that was due him.  (2) He may be able to state a First Amendment
retaliation claim if he can allege facts showing that Defendants
investigated him and imposed segregation with the intention of

---

[8]  Plaintiff's allegations do not support a separate claim under
42 U.S.C. § 1985, which requires a showing of racial (or some other
limited class-based) discrimination.  See <u>Griffin v. Breckenridge</u>, 403
U.S. 88, 102-03, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971).

retaliating against him for having exercised his First Amendment rights. (3) He may be able to state a First Amendment access to court claim if he can allege facts supporting a claim that he was denied access to the courts in regard to filing a criminal appeal, habeas petition, or civil rights action, and that this denial of access resulted in an actual injury. See Lewis v. Casey, 518 U.S. 343, 356, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Madrid v. Gomez, 190 F.3d 990, 995-96 (9th Cir. 1999). [See also the discussion of access to court claims in this court's first memorandum and order, cited above.][9]

In an amended complaint, Plaintiff must meet the pleading and substantive requirements set forth in Ashcroft v. Iqbal, as discussed above. That is, Plaintiff must set forth actual factual allegations sufficient to support his legal claims, and sufficient to connect individual named defendants to specific claims. Plaintiff's allegations must show that each defendant, including any supervisors, caused a deprivation through the defendant's own actions. Iqbal, 556 U.S. at 676. The specific factors necessary to establish a federal civil rights violation, including, for example, any intent requirement, vary depending on the constitutional or other legal provision involved. See Iqbal, 556 U.S. at 676. The intent requirement for a particular violation is the same whether the defendant is a supervisor or a subordinate. Id.; see also Starr, 652 F.3d at 1206-07.

Finally, Petitioner is, once again, advised that, if he does amend his complaint, a defendant may move to dismiss for failure to

---

[9] If Plaintiff includes other claims in an amended complaint, he must show how he can overcome the defects discussed above.

1  exhaust administrative remedies, under 42 U.S.C. § 1997e(a).[10]

2                            **ORDERS**:

3        It is therefore **ORDERED** as follows:

4        1.   The Second Amended Complaint is dismissed with leave to

5  amend.

6        2.   Within thirty (30) days of the date of this order Plaintiff

7  may file a Third Amended Complaint correcting the defects discussed

8  above and complying with the following requirements:

9  (a)  The "Third Amended Complaint" must bear the present case number

10       "CV 08-5834-GHK(CW)."

11 (b)  It must be complete in itself and may not incorporate by

12       reference any part of any prior complaint.

13 (c)  Plaintiff may not use "et al." in the caption, but must name each

14       defendant against whom claims are stated in the Third Amended

15       Complaint.  (The clerk uses the caption to make sure that

16       defendants are correctly listed on the docket.)

17 (d)  Plaintiff may not add new parties without the court's permission.

18       3.   If Plaintiff files an amended complaint, the court will

19  issue further orders, as appropriate and as soon as possible; if not,

20  the magistrate judge will recommend that this action be dismissed,

---

22       [10]   Compliance with this exhaustion requirement is mandatory.
23  Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12
    (2002); Booth v. Churner, 532 U.S. 731, 739-40 & n. 5, 121 S. Ct.
24  1819, 149 L. Ed. 2d 958 (2001).  A prisoner challenging conditions of
    confinement must exhaust available administrative remedies before
25  filing suit even if it would futile to do so.  Booth, 532 U.S. at 740-
    41.  Under § 1997e(a), an action must be dismissed unless the prisoner
26  exhausted administrative remedies before filing suit.  McKinney v.
    Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  Such failure to exhaust
27  is an affirmative defense, which may be raised in an "unenumerated"
    motion to dismiss under Fed. R. Civ. P. Rule 12(b).  Wyatt v. Terhune,
28  315 F.3d 1108, 1117-1119 and n.9 (9th Cir. 2003).

1   without prejudice, for failure to prosecute and/or failure to comply
2   with court orders, as well as for the reasons stated above.
3
4   DATED:   May 16, 2012
5
6                                    _____
7                                        CARLA M. WOEHRLE
                                     United States Magistrate Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28