UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY A. BURTON, | No. CV 08-5834-GHK(CW)[1] |
| Plaintiff, | MEMORANDUM AND ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| DUNCAN FALLON, et al., | |
| Defendants. | |

For reasons stated below, Plaintiff's Second Amended Complaint is dismissed with leave to amend.

**BACKGROUND AND PROCEDURAL HISTORY**

The pro se plaintiff is a prisoner in state custody seeking to proceed in forma pauperis on a civil rights action naming governmental

---

[1] Plaintiff has another action pending in this court, Burton v. Yarborough, No. CV 04-7209-GW(CW). He first attempted to raise his present claims in a second amended complaint filed in that action on June 3, 2008. [CV 04-7209, docket no. 44.] The court dismissed with leave to amend in a memorandum and order filed June 30, 2008, advising Plaintiff that the claims in question should be brought in a separate proceeding. [CV 04-7209, docket no. 42.] Plaintiff has done so in the present case. This memorandum and order concerns only this case.

1

defendants and addressing prison conditions.  His initial Complaint (docket no. 4) was received September 4, 2008, lodged September 5, 2008, and filed October 15, 2008, pursuant to the court's Order re Leave to File Action Without Prepayment of Full Filing Fee (docket no. 3).[2]  The court dismissed the Complaint with leave to amend in a memorandum and order filed August 19, 2009.  [Docket no. 7.] Plaintiff's First Amended Complaint was filed September 11, 2009 (docket no. 8), and was superceded by his Second Amended Complaint ("SAC") filed October 12, 2010 (docket no. 11).[3]

## STANDARD OF REVIEW

Because plaintiff is a prisoner, seeking to proceed in forma pauperis, on a civil rights complaint naming governmental defendants and addressing prison conditions, his complaint is subject to review under provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  See 28 U.S.C. § 1915A(a). The court shall dismiss such a complaint, at any time, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant.  See Lopez v. Smith, 203 F.3d 1122, 1126-27 and n.7 (9th Cir. 2000)(en banc); 28 U.S.C. § 1915(e)(2)(B)(in forma pauperis complaints); 28 U.S.C. § 1915A(b)(prisoner complaints against government defendants); 42

---

[2]  The Complaint named seventeen individual capacity defendants: Haws, Henderson, Reaume, Cagalawan, Harris, Clemons, Cruz, Parker, McGuinness, Fortson, Cromwell, Fallon, Wofford, Gonzalez, Teaney, Nipper, and Foote.

[3]  The First Amended Complaint named eight individual capacity defendants: Fallon, Fortson, Henderson, Harris, Foote, Reaume, Luu, and Clemons.  The SAC named these eight and a ninth, Defendant Fisher. [SAC caption.]  Plaintiff has thus effectively dismissed Defendants Haws, Cagalawan, Cruz, Parker, McGuinness, Cromwell, Wofford, Gonzalez, Teaney, and Nipper.

U.S.C. § 1997e(c)(complaints re: prison conditions).

    PLRA review for failure to state a claim applies the same standard applied in reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a claim for relief.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them."  Id.  "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  Johnson v. Riverside Healthcare System, 534 F.3d 1116, 1121 (9th Cir. 2008)(quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).  A complaint may also be dismissed for failure to state a claim if it discloses a fact or defense that necessarily defeats the claim.  Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984) (citing 2A Moore's Federal Practice ¶ 12.08).

    Possible failure to state a claim is reviewed under the pleading standard of Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)("Iqbal").  The Rule 8 pleading standard "does not require detailed factual allegations," but does require more than merely "labels and conclusions or a formulaic recitation of the elements of a cause of action."  Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." Id. (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This plausibility standard is not a probability requirement, but does ask for more than mere possibility. Id.

In Iqbal, the Supreme Court applied a two-pronged approach to reviewing possible failure to state a claim. Id. at 678-81. First, the reviewing court may identify statements in a complaint that are actually conclusions, rather than factual allegations, and, as such, are not entitled to a presumption of truth. Id. at 678-79. It is the statements' conclusory nature, rather than any fanciful or nonsensical nature, "that disentitles them to the presumption of truth." Id. at 681. Second, the court presumes the truth of any remaining "well-pleaded factual allegations," and determines whether these allegations and reasonable inferences from them plausibly support a claim for relief. Id. at 679-80. The Ninth Circuit has found two common principles in Supreme Court law on the Rule 8 pleading standard:

> First, to be entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 80

1  U.S.L.W. 3462 (U.S. Apr. 30, 2012)(No. 11-834); see also Hydrick v.
2  Hunter, 669 F.3d 937, 940-41 (9th Cir. 2012)(on Iqbal and Starr).
3       If the court finds that a complaint should be dismissed for
4  failure to state a claim, the court may dismiss with or without leave
5  to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000)(en
6  banc).  Leave to amend should be granted if it appears that defects
7  can be corrected, especially if the plaintiff is pro se.  Id. at 1130-
8  31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.
9  1995).  If, however, after careful consideration, it is clear that a
10 complaint cannot be cured by amendment, the court may dismiss without
11 leave to amend.  Cato, 70 F.3d at 1107-11.

## **THE SECOND AMENDED COMPLAINT**

13      Although Plaintiff is now at Pelican Bay State Prison, the SAC
14 concerns events that allegedly occurred when he was at California
15 State Prison, Los Angeles County ("CSP-LAC"), in this district.  As
16 noted above, the SAC names nine state prison officers as individual
17 capacity defendants: (1) Chief Deputy Warden Fallon, (2) Captain
18 Fortson, (3) Captain Henderson, (4) Lieutenant Harris, (5) Lieutenant
19 Foote, (6) Sergeant Reaume, (7) Officer Luu, (8) Officer Clemons, and
20 (9) Chairperson Fischer.  [Caption, SAC p.1.][4]  Plaintiff seeks
21 declaratory and injunctive relief and monetary damages.  [SAC pp. 26-
22 27.]  He sets forth twelve "causes of action" ("COAs") as follows:
23 COA 1:    First Amendment - Access to Courts;
24 COA 2:    First Amendment - Right to Association;
25 COA 3:    First Amendment - Right to Association and Speech;
26 COA 4:    First Amendment - Retaliation;

---

[4] Plaintiff lists all nine in the caption but omits Defendant Foote in listing defendants in the body of the SAC.  [SAC ¶¶ 3-10.]

```
COA 5:      Eighth Amendment - Cruel and Unusual Punishment;
COA 6:      Conspiracy;
COA 7:      Fourteenth Amendment - State Created Liberty Interest;
COA 8:      Federal Due Process;
COA 9:      State Due Process;
COA 10:     Violation of Mandatory Duties - State Law;
COA 11:     Failure to Lawfully Administer, Train, and Supervise;
COA 12:     Due process.
```
[SAC pp. 19-25.] COAs 9 and 10 assert state law claims; the other COAs assert federal civil rights claims under 42 U.S.C. § 1983 (and, for COA 6, 42 U.S.C. § 1985).

Plaintiff summarizes the basis for his complaint as follows:

> This action arises from the defendants' practices, acts and/or policies which have caused Plaintiff to be wrongly placed and retained in the SHU [Security Housing Unit] on the basis of alleged prison gang association/member[ship]. Defendants have wrongly placed and retained Plaintiff in the SHU:
>
> a) without due process of law;
>
> b) when Plaintiff is not a prison gang associate/member;
>
> c) on [the] basis of Plaintiff's innocent association with other inmates;
>
> d) in retaliation for Plaintiff's legitimate speech, association and past SHU term disciplinaries [sic] he's completed successfully;
>
> e) Plaintiff was not given notice and an opportunity to present his views before being placed in segregation;

```
            f) in spite of the fact that Plaintiff's speech and
      association with other inmates did not violate any law or
      prison rule;
            g) when Plaintiff has not been charged [with] or found
      guilty of violating Title 15, California Code of Regulations
      (CCR) section 3023 (the prison regulation prohibiting gang
      activity) or any other regulation;
            h) on the basis of invalid/void, false and expired/
      unreliable information;
            i) for an extended period of time in conditions that
      adversely impact Plaintiff's physical and psychological
      well-being;
            j) pursuant to Defendants' customs, official policies
      and underground regulations.
```
[SAC pp. 3-4.]

This is followed by a lengthy section captioned "Facts," in which, however, Plaintiff fails to give a clear and concise factual account of what he alleges actually happened in connection with his various claims. Instead, he jumps around chronologically, and mixes actual factual allegations, unsupported inferences, and legal conclusions. [SAC pp. 4-18.] The "Facts" section is also missing two pages in the SAC as submitted to the court: page 5 (part of ¶ 18 and all of ¶¶ 19-26) and page 16 (part of ¶ 53 and all of ¶¶ 54-59).

## **DISMISSAL UNDER RULE 8**

The SAC does not provide the "short and plain statement of the claim showing that the pleader is entitled to relief" required under Rule 8 and the PLRA. Instead, much of the SAC consists of "labels and conclusions" or "formulaic recitation" in the form of Plaintiff's

1  causes of action.  <u>Iqbal</u>, 556 U.S. at 678.  Several of these "causes
2  of action" do not state separate legal claims (for violations of
3  federal or state law), but, instead, assert theories for why certain
4  defendants are liable under the claims asserted under other causes of
5  action.  [<u>See</u>, <u>e.g.</u>, COAs 6 (conspiracy) and 11 (failure to
6  supervise).]  Some causes of action appear to be duplications.  Thus,
7  <u>e.g.</u>, Plaintiff claims that Defendants denied him due process of law
8  under the Fourteenth Amendment when they caused him to be assigned to
9  the SHU indefinitely as a gang member after an investigation that was
10 procedurally flawed and came to an erroneous conclusion.  It is not
11 clear why Plaintiff appears to have spread this federal due process
12 claim across three COAs: 7, 8, and 12.  It is also not clear whether
13 Plaintiff's Eighth Amendment claim in COA 5 basically duplicates his
14 Fourteenth Amendment claim (by asserting that indefinite placement in
15 the SHU after he was <u>erroneously</u> found to be a gang member is cruel
16 and unusual punishment), or whether Plaintiff is asserting a separate
17 Eighth Amendment claim (that indefinite placement in the SHU for being
18 a gang member is cruel and unusual punishment even if the prisoner
19 actually is a gang member).  It is also not clear whether COAs 2 and 3
20 present separate First Amendment claims, or are simply part of COA 4
21 (that is, as a claim that Defendants violated Plaintiff's First
22 Amendment rights by retaliating against him for exercising his rights
23 to freedom of speech and association).
24     Plaintiff also has not clearly articulated his claims under the
25 state constitution and state law in COAs 9 and 10, and he has not
26 stated that he satisfied the requirements of the California Tort

Claims Act, Cal. Gov't Code sections 810 et seq.[5] A plaintiff who seeks to sue a public employee under California law must file a timely written claim with the proper officer or governmental body before bringing suit, and must plead that he or she has done so in his or her complaint. Cal. Gov't Code §§ 905 et seq. Pendant state law claims in a federal civil rights suit may be dismissed if the complaint fails to allege compliance with California Tort Claims Act procedures. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); see also, e.g., White v. City of Bakersfield, No. 1:11-CV-1692, 2012 WL 273088, at *4 (E.D. Cal. Jan. 30 2012)(citing Karim-Panahi, id.)); Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

Furthermore, in the SAC, Plaintiff has not set forth factual allegations in such a way as to (1) allow the court to understand with reasonable clarity what allegedly happened; (2) support the elements of Plaintiff's specific legal claims; and (3) show how specific defendants may be liable under specific legal claims. One particular problem in Plaintiff's statement of facts is that he has not clearly distinguished the events surrounding (a) his brief initial placement in administrative segregation during the investigation of his possible gang association, and (b) his indefinite placement in segregated housing as a result of that investigation.[6] This is important because

---

[5] The requirements of the California Tort Claims Act do not apply to Plaintiff's claims under federal law, and they are separate from the requirement, under federal law, that a prisoner exhaust administrative remedies before filing suit.

[6] As to the denial of Plaintiff's administrative appeals, it is not clear whether he is simply arguing that the denials were in error, or that the denials were, themselves, further due process violations.

1  the Supreme Court has held that a brief period of administrative
2  segregation (e.g., thirty days) does not implicate a liberty interest
3  so as to support a due process claim. Sandin v. Conner, 515 U.S. 472,
4  484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); see also Richardson v.
5  Runnels, 594 F.3d 666, 672 (9th Cir. 2010)(post-Sandin case finding
6  that administrative segregation for some fifteen days did not concern
7  a due process liberty interest).

8      Under Sandin, whether a due process liberty interest exists
9  depends on whether the change in the prisoner's confinement imposed an
10 atypical and significant hardship in relation to the ordinary
11 incidents of prison life. Sandin, 515 U.S. at 484. Here, Plaintiff
12 may be able to assert a state-created liberty interest and a due
13 process claim based on his indefinite placement in segregated housing
14 (after having been found to be a gang member) if he can show that such
15 indefinite placement does constitute such an atypical and significant
16 hardship.[7] See, e.g., Wilkinson v. Austin, 545 U.S. 209, 223-24, 228,
17 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005)(post-Sandin Supreme Court
18 case on liberty interest in not being assigned to "super-max"
19 facility); Jackson v. Carey, 353 F.3d 750, 755-57 (9th Cir. 2003)
20 (remanding for factual consideration as to whether plaintiff could
21 show whether conditions in his disciplinary segregation amounted to
22 atypical and significant hardship under Sandin).

23     Finally, Plaintiff's claims for injunctive relief appear to be

---

[7] Plaintiff does not have a liberty interest directly under the due process clause in remaining in general population. See Wolff v. McDonnell, 418 U.S. 539, 557, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Therefore, any due process claim challenging his placement in the SHU must depend on a liberty interest created by state law. The Supreme Court redefined the criteria for finding such state-created liberty interests in Sandin.

10

moot in light of his transfer to another prison.  See <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991)(per curiam)(prisoner's claims for injunctive relief regarding prison conditions moot in light of transfer); <u>Smith v. Marshall</u>, No. CV 07-0864-JHN (PJW), 2011 WL 2563289, at *5 (C.D. Cal. May 10, 2011)(<u>citing</u> <u>Johnson v. Moore</u>). Because of Plaintiff's transfer to another institution, none of the named defendants would have the power to effect the injunctive relief Plaintiff seeks, and none of the officials in his present institution who might have that power are defendants in this action.

### **LEAVE TO AMEND**

Accordingly, the SAC is subject to dismissal, but Plaintiff may be able successfully to amend as to at least some of his claims and Defendants.  Plaintiff's claims are all related to the process by which he was placed in administrative segregation while he was investigated as a gang member, then found to be a gang member and placed indefinitely in segregated housing.  He may be able to amend to state several claims under 42 U.S.C. § 1983 for violations of his federal constitutional rights.[8]  For example, (1) he may be able to state a Fourteenth Amendment due process claim if he can plead that indefinite segregation involves a state-created liberty interest, and that he was denied this interest without receiving all the process that was due him.  (2) He may be able to state a First Amendment retaliation claim if he can allege facts showing that Defendants investigated him and imposed segregation with the intention of

---

[8] Plaintiff's allegations do not support a separate claim under 42 U.S.C. § 1985, which requires a showing of racial (or some other limited class-based) discrimination.  See <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971).

11

retaliating against him for having exercised his First Amendment rights.  (3) He may be able to state a First Amendment access to court claim if he can allege facts supporting a claim that he was denied access to the courts in regard to filing a criminal appeal, habeas petition, or civil rights action, and that this denial of access resulted in an actual injury.  See Lewis v. Casey, 518 U.S. 343, 356, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Madrid v. Gomez, 190 F.3d 990, 995-96 (9th Cir. 1999).  [See also the discussion of access to court claims in this court's first memorandum and order, cited above.][9]

In an amended complaint, Plaintiff must meet the pleading and substantive requirements set forth in Ashcroft v. Iqbal, as discussed above.  That is, Plaintiff must set forth actual factual allegations sufficient to support his legal claims, and sufficient to connect individual named defendants to specific claims.  Plaintiff's allegations must show that each defendant, including any supervisors, caused a deprivation through the defendant's own actions.  Iqbal, 556 U.S. at 676.  The specific factors necessary to establish a federal civil rights violation, including, for example, any intent requirement, vary depending on the constitutional or other legal provision involved.  See Iqbal, 556 U.S. at 676.  The intent requirement for a particular violation is the same whether the defendant is a supervisor or a subordinate.  Id.; see also Starr, 652 F.3d at 1206-07.

Finally, Petitioner is, once again, advised that, if he does amend his complaint, a defendant may move to dismiss for failure to

---

[9]  If Plaintiff includes other claims in an amended complaint, he must show how he can overcome the defects discussed above.

exhaust administrative remedies, under 42 U.S.C. § 1997e(a).[10]

**ORDERS:**

It is therefore **ORDERED** as follows:

1. The Second Amended Complaint is dismissed with leave to amend.

2. Within thirty (30) days of the date of this order Plaintiff may file a Third Amended Complaint correcting the defects discussed above and complying with the following requirements:

(a) The "Third Amended Complaint" must bear the present case number "CV 08-5834-GHK(CW)."

(b) It must be complete in itself and may not incorporate by reference any part of any prior complaint.

(c) Plaintiff may not use "et al." in the caption, but must name each defendant against whom claims are stated in the Third Amended Complaint.  (The clerk uses the caption to make sure that defendants are correctly listed on the docket.)

(d) Plaintiff may not add new parties without the court's permission.

3. If Plaintiff files an amended complaint, the court will issue further orders, as appropriate and as soon as possible; if not, the magistrate judge will recommend that this action be dismissed,

---

[10] Compliance with this exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); Booth v. Churner, 532 U.S. 731, 739-40 & n. 5, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). A prisoner challenging conditions of confinement must exhaust available administrative remedies before filing suit even if it would futile to do so. Booth, 532 U.S. at 740-41. Under § 1997e(a), an action must be dismissed unless the prisoner exhausted administrative remedies before filing suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Such failure to exhaust is an affirmative defense, which may be raised in an "unenumerated" motion to dismiss under Fed. R. Civ. P. Rule 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1117-1119 and n.9 (9th Cir. 2003).

without prejudice, for failure to prosecute and/or failure to comply with court orders, as well as for the reasons stated above.

DATED: May 16, 2012

/s/ Carla M. Woehrle
CARLA M. WOEHRLE
United States Magistrate Judge